Douglas Lee ROSS, Appellant,

v.

NATIONAL SURETY CORPORATION, Appellee.

No. 6949.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 21, 1967.

Barber, Seale & Stover, Jasper, for appellant.

Weller, Wheelus & Green, Beaumont, for appellee.

**164**

PARKER, Justice.

This is a workman's compensation case. Plaintiff, Ross, sued defendant insurance company for benefits by reason of an injury alleged to have been sustained on May 24, 1966 while employed by Mae's Discount Center, Inc. in Orange. The jury only answered three special issues, finding that (Special Issue No. 1) the plaintiff did not sustain an injury; (Special Issue No. 2) his disability is due solely to diseases, natural causes, and prior injuries wholly disassociated with his injury of May 24, 1966, if any; and (Special Issue No. 3) payment of compensation in weekly installments instead of a lump sum will result in manifest hardship, injustice and injury to the plaintiff. Judgment was entered that plaintiff take nothing. The parties will be referred to by their trial court designations.

Plaintiff has points of error contending the trial court erred in entering judgment based on the jury's respective answers to Special Issues Nos. 1 and 2(a) because there is no evidence to suport such answers, (b) because there is insufficient evidence to support such answers, and (c) because such are so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust.

In considering the "no-evidence" points of error, only the evidence favorable to the jury's findings is considered.

Plaintiff testified he injured his back, private parts, etc. on May 24, 1966 when lifting a case of canned milk, not striking his back, not being struck on the back, no blow—claiming a lifting or strain type injury. No one saw him injured. He worked the remainder of the day. Dr. Wynne Pearce was his personal physician, having treated him for ulcers in November of 1965, from which he recovered. Plaintiff testified he went to see·Dr. Pearce the day after he claimed to have been injured. Dr. Pearce testified he did not see Ross, the plaintiff, after the alleged injury until June 1, 1966. Plaintiff did not give him a history of hurting his back, but mentioned lifting a case of

milk. He was complaining only of orchitis, a swelling of a testis. Plaintiff did have orchitis. Dr. Pearce testified orchitis is not caused by a lifting injury or strain but is a condition caused by infection, by trauma to or by a striking of the testis. Dr. Pearce "prescribed some antibiotic, which is routine" and the use of a suspensory. Then Dr. Pearce saw him on June 3, 1966. On that day Dr. Pearce sent a written statement to the employer stating, "The bearer, Mr. Douglas Ross, has been discharged by me and is able to resume work." Plaintiff never asked anyone at Mae's to send him to Dr. Howard Williams, that company's doctor, or any doctor.

Dr. Stephenson testified at length as to his examination of plaintiff on March 28th, 1967, finding no muscle spasm, no back injury and no incapacity. Plaintiff's "no-evidence" points of error are overruled. Considering all evidence and the entire record, plaintiff's other points of error are overruled.

Judgment of the trial court affirmed.